IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBERT H.,[1]**

      **Plaintiff,**                                                    Civ. No. 6:22-cv-00565-MC

    v.                                                                  **OPINION AND ORDER**

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

      **Defendant.**

---

**MCSHANE, Judge**:

    Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security disability insurance benefits under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

    Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by (1) finding unpersuasive the medical opinion of Jeffrey Pentecost, DO, (2) improperly rejecting Plaintiff's subjective symptom testimony, and (3) improperly rejecting the lay testimony of Plaintiff's wife. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

1 – OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for benefits on July 24, 2020, alleging disability as of June 10, 2018. Tr. 189-90. Following a December 2021 hearing, ALJ Spaulding determined Plaintiff was not disabled in a March 2021 decision. Tr. 15-26. Plaintiff sought review of the hearing decision from the Appeals Council, which they denied in February 2022. Tr. 183-85, 1-6. The ALJ's decision then became final, and now Plaintiff seeks judicial review of the ALJ's decision.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

Plaintiff argues the ALJ erred in finding unpersuasive the medical opinion of Jeffrey Pentecost, DO, because the ALJ found "[t]he signs and findings in the record would not support this opinion, and it is notable that much of this opinion is grounded in the [plaintiff]'s subjective complaints." Pl.'s Br. 8; ECF No. 15. Dr. Pentecost found that Plaintiff had the following subjective symptoms attributable to TBI (traumatic brain injury): headaches and dizziness/vertigo. Tr. 1161-62. Dr. Pentecost later concluded Plaintiff would be unable to perform any work duties during a bout of severe headache, vertigo, and that his memory deficits limit his capacity to perform duties requiring management of multiple tasks. Tr. 1163. The ALJ found Plaintiff's headaches to be non-severe, as "the [plaintiff] reports stable headaches at two or three a month. He states that as long as he takes his sumatriptan at an early stage of the headache, he gets good relief." Tr. 18, 1008. Regarding Plaintiff's reported vertigo, the ALJ is correct that there is "very little in the treatment records in the way of evaluation or treatment for vertigo." Tr. 18. In fact, 2019 progress notes from the Roseburg VA Medical Center state "[p]atient reports no

history of: true vertigo/dizziness." Tr. 732. There are inconsistencies within the record and the ALJ provided substantial evidence in rejecting Dr. Pentecost's opinion. The ALJ also cites to rule 20 C.F.R. § 404.1520b(c)[2] to conclude that opinions of the VA[3] are invaluable and unpersuasive in this type of determination. The ALJ is correct. The VA uses their own respective rules to determine disability, of which the ALJ is not bound to adhere to. The ALJ sufficiently considered the underlying evidence of Dr. Pentecost's opinions, however, he did not find enough objective evidence in the record to meet both supportability and consistency. For those reasons, the ALJ did not err in rejecting Dr. Pentecost's opinion.

Plaintiff also contends the ALJ erred in discounting Plaintiff's subjective statements about his limitations. To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ performs a two-stage analysis. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); 20 C.F.R. § 416.929. First, the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090; 1102 (9th Cir. 2014); *Tommasetti v.*

---

[2] (c) Evidence that is inherently neither valuable nor persuasive. Paragraphs (c)(1) through (c)(3) apply in claims filed (see § 404.614) on or after March 27, 2017. Because the evidence listed in paragraphs (c)(1) through (c)(3) of this section is inherently neither valuable nor persuasive to the issue of whether you are disabled or blind under the Act, we will not provide any analysis about how we considered such evidence in our determination or decision, even under § 404.1520c:
   (1) Decisions by other governmental agencies and nongovernmental entities. *See § 404.1504.*

[3] **§ 404.1504. Decisions by other governmental agencies and nongovernmental entities.**
   Other governmental agencies and nongovernmental entities—such as the Department of Veterans Affairs,— make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules. Therefore, in claims filed (see § 404.614) on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with § 404.1513(a)(1) through (4).

4 – OPINION AND ORDER

*Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Second, absent affirmative evidence that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discounting the claimant's testimony regarding the severity of the symptoms. *Trevizo*, 871 F.3d at 678; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The Ninth Circuit demands more than a summary of the medical evidence and generic, high-level reasons why a claimant's allegations conflict with that evidence. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The Ninth Circuit "requires the ALJ to specifically identify the testimony she or he finds not to be credible and . . . explain what evidence undermines that testimony." *Id.*; *Brown-Hunter*, 806 F.3d at 494.

Clear and convincing reasons for rejecting a claimant's testimony "include conflicting medical evidence, effective medical treatment, medical noncompliance, inconsistencies in the claimant's testimony or between her testimony and her conduct, daily activities inconsistent with the alleged symptoms, and testimony from physicians and third parties about the nature, severity and effect of the symptoms" about which the claimant complains. *Bowers v. Astrue*, No. 11-cv-583-SI, 2012 WL 2401642, at *9 (D. Or. June 25, 2012) (citing *Tommasetti*, 533 F.3d at 1040); *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2013). In some circumstances, an ALJ may reject subjective complaints where the claimant's "statements at her hearing do not comport with objective medical evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, a lack of objective evidence may not be the sole basis for rejecting a claimant's subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

5 – OPINION AND ORDER

At the December 2021 hearing, Plaintiff testified "the old body is not like it used to be. My ankle is totally done . . . My memory is about as fried as fried can be, which gets me frustrated, and then I kind of get pissed because I can't remember things." Tr. 50. Plaintiff also testified his joints negatively affect him, and that his left shoulder pain is worsening, requiring surgery. Tr. 51. However, Plaintiff also believes his shoulders still have strength, but not at 100%. Tr. 56. When asked, Plaintiff agreed with the ALJ that his right ankle is his most limiting impairment. Tr. 51. These symptoms reportedly affected his most recent job in 2018 as a lumber associate/supervisor at Home Depot. Tr. 45. Plaintiff testified that job ended due to the effects of his physical impairments. "My shoulders were gone. My ankles were killing me. Yeah, my body had given out." Tr. 63. However, Plaintiff reported these symptoms prior to receiving injections and having surgery on his ankle. Tr. 23, 770 ("He reports that his pain from surgery has improved. The pain along his anterior ankle as completely resolved. He now notes mild tenderness over his peroneals. Overall, he is doing well in his post operative course."). When the ALJ asked him if his ankle pain improved after the injections, Plaintiff answers in the affirmative and mentions that he can walk and drive 35-45 minutes. Tr. 48. The 9th Circuit shows consistencies in rulings that affirm the ALJ's decision to deny benefits where symptoms have improved with medication. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (Impairments that can be effectively controlled by medication or treatment are not considered disabling for purposes of social security benefits); *See also Linda Jean T. v. Saul*, No. 19-cv-07738-DMR, 2021 U.S. Dist. LEXIS 90043, at *8 (N.D. Cal. May 11, 2021), *Lewis v. Comm'r of Soc. Sec. Admin*., No. CV-20-00765-PHX-MTL, 2021 U.S. Dist. LEXIS 39094, at *13 (D. Ariz. March 2, 2021). Here, Plaintiff testified that the ankle injections last for about four months and during that time he is able to walk. Tr. 48. This claim is consistent with substantial

6 – OPINION AND ORDER

objective evidence, various medical opinions, and physical exams, as addressed by the ALJ. *See* Tr. 23.

The ALJ did not reject outright Plaintiff's symptom testimony. Instead, the ALJ determined that while Plaintiff has "conditions, which singly or in combination, may cause him problems. What these pieces of evidence suggest is that the claimant's symptoms may not exist at the level of severity provided by the claimant's testimony at the hearing." Tr. 25. The ALJ found Plaintiff had the following severe impairments: right ankle status post arthroscopy; left shoulder degenerative joint disease post left shoulder arthropathy; and obesity. Tr. 17. Despite these impairments, the ALJ found Plaintiff had the RFC to perform sedentary work, except he can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance; frequently stoop; occasionally kneel; occasionally crouch; never crawl; and frequently reach front, lateral, and overhead with the left upper extremity." Tr. 21. The ALJ noted ". . .the [Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence the record . . ." Tr. 22. In support, the ALJ noted the objective MRI results, which revealed:

> Moderate tibiotalar degenerative changes with chondrosis and subchondral edema involving the lateral talar dome and mid plafond; soft tissue ganglion along the anterolateral margin of the tibiotalar articulation with connection to the tibiotalar joint; appearance of peroneal brevis split tear with tenosynovitis; moderate mid Achilles tendinosis and mild insertional tendinosis with associated retrocalcaneal bursitis and paratenonitis; and edematous signal within the medial malleolus and adjacent deltoid which may be related to remote injury with possible intraosseous ganglion forming in the medial malleolus.

Tr. 23 (internal citations omitted).

The ALJ then goes on to mention a 2021 post-op visit at Slocum Orthopedics, where his pain levels were improved. Tr. 770. The ALJ contrasts Plaintiff's subjective symptom complaints with

7 – OPINION AND ORDER

the opinions of Dr. Davis, Dr. Davenport and Dr. Cuccaro. Dr. Davis opined Plaintiff can sit eight hours in a typical workday, stand two hours and walk one hour, with standing/walking limitations attributed to ankle pain and decreased range of motion. Tr. 23, 899, 904. This conclusion is substantiated with several medical examinations in the record, including Plaintiff's decreased range of motion in his right ankle. *See* Tr. 772, 778, 898, 985, 994, 997, 1208. State agency medical consultant, Dr. Davenport, acknowledged Plaintiff's limitations, stating "He has moderate right ankle arthritis/anterolateral impingement, treated with cortisone injections. Imaging shows diffuse Achilles tendinosis with calcific ossification. Strength and sensation are otherwise normal." Tr. 82. Dr. Davenport concluded this would not prevent the individual from performing past relevant work as a department supervisor doing sedentary work. Tr. 70-85. State agency medical consultant Dr. Cuccaro came to the same conclusion after reviewing the record. Tr. 86-94.

Plaintiff argues the ALJ harmfully erred in failing to explain why he deemed Plaintiff's post-surgical treatment as conservative. Pl.'s Br. 12; ECF No. 15. The Court disagrees. Conservative treatment can be "sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d at 750-51. As the ALJ noted, during the relevant period, Plaintiff managed his symptoms largely by receiving cortisone injections, nonsteroidal anti-inflammatory drugs, and topical gels. Tr. 897, 990, 994, 952-53. Furthermore, courts have upheld conservative treatment findings under similar circumstances. *See Hanes v. Colvin*, 651 F. App'x 703, 705-06 (9th Cir. 2016) (upholding ALJ's conservative treatment finding where the [plaintiff's] treatment "consisted primarily of minimal medication, limited injections, physical therapy, and gentle exercise"); *Lorilyn W. v. Comm'r SSA*, No. 6:19-CV-00925-YY, 2020 U.S. Dist. LEXIS 223141, 2020 WL 7028475, at *4 (D. Or. Nov. 30, 2020) (upholding ALJ's

8 – OPINION AND ORDER

conservative treatment finding where plaintiff was treated "with NSAIDs, an injection, and physical therapy"). This relatively conservative treatment record further called Plaintiff's disability claim into question, and was a clear and convincing reason, supported by substantial evidence, for the ALJ to discount Plaintiff's subjective symptom testimony.

Finally, Plaintiff argues the ALJ improperly rejected the lay witness testimony of his wife. Pl.'s Br. 14; ECF No. 15. Plaintiff's wife provided an Adult Function Report discussing her husband's impairments. Tr. 246-253. "[L]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Plaintiff argues that the ALJ failed to provide specific, germane reasons for rejecting the lay witness statements. Specifically, Plaintiff takes issue with the ALJ's dismissal of Plaintiff's spouse's opinion because she "does not have the medical training necessary to make exacting observations as to dates, frequencies, types and degrees of medical signs and symptoms . . . I am more persuaded by the medical findings and observations of record." Tr. 25. While the Court agrees with Plaintiff that an ALJ must evaluate both medical and nonmedical sources to substantiate their opinion, the ALJ's discussion of the lay witness opinion was not harmful error. "An ALJ's failure to comment upon lay witness testimony is harmless where the same evidence that the ALJ referred to in discrediting the [plaintiff's] claims also discredits the lay witness's claims." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2009), superseded by regulation on other grounds as stated in *Schuyler v. Saul*, 813 F. App'x 341 (9th Cir. 2020). In other words, the ALJ need not "discuss every witness's testimony on an individualized, witness-by-witness basis,"

9 – OPINION AND ORDER

and reversal is not per se warranted simply because the ALJ omitted discussion of a particular lay witness's testimony. *Id*. at 1114-22.

When reviewing the function report, Plaintiff's spouse's opinions were largely positive regarding everyday life. When asked "How much time do you spend with the disabled person and what do you do together?" she answered "Everyday. We enjoy exploring (driving) Oregon." Tr. 246. She reports Plaintiff has no issues with personal care, and that he sometimes needs reminders to take medicine. Tr. 247-48. Plaintiff goes outside everyday despite his impairments, he drives, he can drive alone, properly handle funds, works on model airplanes every day, he handles stress and changes in opinion "ok," but is losing his hearing and is not as active anymore due to his ankle and shoulder pain. Tr. 248-253. This testimony is similar to that of Plaintiff's, and at the very least shows to the Court that Plaintiff's life is more fulfilling than he stated at the hearing. "In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [the plaintiff's] own subjective complaint, and because [the lay witness] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness] testimony" *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Accordingly, the ALJ provided germane reasons for discounting the lay witness testimony, and if the ALJ did err, such error was not harmful warranting a credit-as-true analysis. Part of such analysis includes the "serious doubt caveat," which states that even where the preceding steps direct remanding the case for benefits, further proceedings may be warranted if the record as a whole creates "serious doubt" whether a claimant is, in fact, disabled within the meaning of the Act. *See, e.g.*, *Brown-Hunter*, 806 F.3d at 495; *Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015). Such is not the case here. There is no serious doubt as to whether Plaintiff is disabled.

The ALJ provided substantial evidence to find Dr. Pentecost, Plaintiff and his spouse's opinions unpersuasive. Although Plaintiff argues another interpretation of the record is reasonable, that is not a legitimate reason for overturning the ALJ's conclusions. *See Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) ("If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner.") (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996))). Because the ALJ provided "specific, clear and convincing reasons" for finding Plaintiff less-than credible regarding the extent of his limitations, the ALJ did not err in giving little weight to Plaintiff and his wife's testimony regarding those limitations. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Smolen v. Chater*, 80 F.3d 1273,1282 (9th Cir. 1996)).

## CONCLUSION

The ALJ's decision supported by substantial evidence and, to the extent the ALJ erred, the error was harmless. The Commissioner's final decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 30th day of August, 2023.

/s/ Michael McShane
Michael J. McShane
United States District Judge

11 – OPINION AND ORDER